# HORSEY'S EXECUTORS v. ISAAC MOORE.[1]

Supreme Court.    October, 1796.

*Wilson's Red Book, 147.*[*]

---

[1] In the account of this case in *Bayard*, the name is spelled Moor.

[*] This case is also reported in *Bayard's Notebook, 158.*

*Wilson* objected. This is a mere book account and not an instrument in writing signed by defendant and therefore not evidence under 1 Body Laws 347. Besides, the plaintiff's oath could only establish this as far as relates to the delivery of the articles or money, and is not to be admitted to charge the defendant who is a third person. [1] Dall. 238.

*Ridgely* and *Bayard*. This book is not produced to prove a contract but the *quantum* of damages; it is not [to] show the agreement, that is shown by the bond, but to show the payment.

READ, C. J. This book is not evidence under the Act of Assembly, which says any interest in or concerning them. This is money relating to lands though the action is upon a bond, a written contract. A charge in Isaac Moore's book of the consideration of the deed would not be evidence to charge bargainor, for it should be in writing whether to charge or to discharge.

Defendant offered in evidence a bond of same date with plaintiff's and in same words executed by Isaac Horsey.

*Ridgely* and *Bayard*. This bond cannot be read under the plea of performance. If defendant had pleaded payment he could not give in evidence a release. This bond is no bar, but there may be a remedy on it. It must be something subsequent to support the plea of performance; some act of Mr. Moore, not of Mr. Horsey.

*Miller* and *Wilson*. This bond is evidence to explain the first contract, that we may know what will be a performance; and parol evidence would be admissible for this purpose. This bond does not show that Isaac Moore purchased no lands etc.

READ, C. J. It is not evidence yet.

PER CURIAM. Plaintiffs must conclude, for they have produced the evidence, and defendants have opposed.

READ, C. J. (Charge.) This is an action for the penalty of a bond. The condition is a special one, purporting that there had been an agreement to divide the land so purchased. This is the only way the plaintiff could bring his action, and by a statute [4 & 5 Anne, c. 16, §§ 12, 13 (1705)] only so much shall be given by the jury as was the value of the injury, not exceeding the whole sum of the penalty. Your verdict is to be for the penalty, to be released on payment of the damages ascertained. The defendant's counsel say they could not plead no land purchased, and properly, for the bond says there was land purchased (reads the bond "has or may buy"). The word "has" implies there was land purchased before the signing the bond, but what can the

court or jury do (upon a supposition it was a mistake in the writing), if people will be thus incorrect. The words do carry that signification that land had been purchased. There is nothing shown to the contrary; but there is evidence to meet the doubt,— the conveyance for "Bound Savannah" in November 1789 shows it. The evidence is that when defendant was pulling corn on this land Mr. Moore said one-third of one-half was for Mrs. Horsey and that the house and orchard would not go together. You are to say whether those lands were the lands intended in the bond or not. If it is said this bond was given without consideration, it is our duty to say it imports a consideration in itself.

Verdict for plaintiff.